## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMIAN ELLIOTT,                          )
                                         )
                   Plaintiff,            )
                                         )
v.                                       )          Case No. 23-2484-TC-GEB
                                         )
CARGILL and                              )
JOHN and JANE DOES,                      )
*Nurses of Cargill/HR*,                  )
                                         )
                   Defendants.           )
_____  )

### MEMORANDUM & ORDER ON MOTION TO PROCEED
### WITHOUT PREPAYMENT OF FEES AND REPORT AND
### RECOMMENDATION FOR DISMISSAL

Plaintiff filed his Complaint (**ECF No. 1**) on November 1, 2023, and simultaneously filed a Motion to Proceed without Prepayment of Fees (**ECF No. 3,** *sealed*).  On November 8, 2023, the Court ordered Plaintiff to appear for a show cause hearing to explain why the Court should not recommend dismissal of his case for failure to state a valid claim (**ECF No. 5**).  The Court held the hearing on January 5, 2024, and gave Plaintiff until March 5, 2024, to amend his Complaint to address the deficiencies discussed during the hearing.  To date, Plaintiff has not filed an Amended Complaint.

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees (**ECF No. 3,** *sealed)* but **recommends** dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and directs service be stayed pending review of the Report and Recommendation.

## I.      Motion to Proceed without Prepayment of Fees

Pursuant to 28 U.S.C. § 1915(a), the Court has discretion[1] to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]  To determine whether a party is eligible to file without prepayment of the fee, the Court reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

The Tenth Circuit Court of Appeals and this Court have liberal policies toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's submitted Affidavit of Financial Status,[5] and comparison of his monthly income to his listed monthly expenses, the Court finds he is unable to pay the filing fee, and will grant the Motion to Proceed without Prepayment of Fees.[6]

However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), the Court is required to screen such cases to prevent

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. Apr. 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).
[5] ECF No. 3-1, *sealed.*
[6] ECF No. 3, *sealed.*

"abusive or capricious litigation."[7]  As relevant here, per 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal is required if the Court determines the action fails to state a claim upon which relief may be granted.  For the reasons below, the Court determines such dismissal is warranted, and recommends dismissal without prejudice.

## II.   Recommendation of Dismissal

### A.   Procedural Background[8]

On November 1, 2023, Plaintiff filed his Complaint against Cargill, unknown nurses of Cargill, and Cargill's "HR."  Plaintiff alleges diversity jurisdiction, but lists that both he and Defendants are citizens of Kansas.  Plaintiff also asserts federal question jurisdiction under 28 U.S.C. § 1331, but fails to list any Constitutional or federal statutory provision under which his case arises.  Additionally, Plaintiff states his case arises under 28 U.S.C. § 1343 due to the violation of the civil or equal rights, privileges, or immunities accorded to U.S. citizens, but fails to allege any violation of such rights.

In particular, Plaintiff's Complaint states he was hired to work for Cargill and passed a background check and drug screening.  Plaintiff then says he showed up for orientation but was sent home because of his "disability" and "to seek documentation."  After giving "documentation," Plaintiff asserts he was "scheduled to see a doctor for

---

[7] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment); *see also Leasher v. Massey*, No. 24-1036-EFM-BGS, 2024 WL 1116073, at *1 (D. Kan. Mar. 14, 2024) ("When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests.") (internal citation omitted).

[8] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

Cargill and was told to wait 30 days." As for the relief Plaintiff seeks, he wrote "compensation," but failed to include any monetary amount or other description of what this "compensation" might entail.

Being unable to discern the factual and legal nature of Plaintiff's claims, the undersigned entered an order on November 8, 2023 for Plaintiff to appear and show cause why his case should not be recommended for dismissal for failure to state a valid claim.[9] After rescheduling twice,[10] the Court held the hearing on January 5, 2024, and was able to understand Plaintiff intended to file an employment disability discrimination complaint against Cargill. To avoid dismissal, the Court informed Plaintiff he would need to amend his Complaint to add more specifics regarding his claim. The Court told Plaintiff he did not, at this point, need to know the names of the Cargill nurses and H.R. personnel he interacted with, but should include information like dates, description of the job applied for, details of his disability, and summaries of the conversations he had with Cargill employees about his hiring and disability.

The Court also informed Plaintiff he may need to inquire whether he needed to file a complaint with the Equal Employment Opportunity Commission ("EEOC") or the Kansas Human Rights Commission ("KHRC") before proceeding with this lawsuit. The Court asked Plaintiff if 60 days would give him enough time to file an Amended Complaint, and Plaintiff agreed that would be sufficient. Therefore, after the hearing, the

---

[9] ECF No. 5.
[10] *See* ECF Nos. 7 and 8.

Court entered an order giving Plaintiff until March 5, 2024, to amend his Complaint or the undersigned would recommend dismissal of his case for failure to state a claim.[11]

## B.    Legal Standard

As stated above, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal is required if the Court determines Plaintiff's Complaint fails to state a claim upon which relief can be granted.  This requires the Court to review Plaintiff's Complaint under the same standard used when considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[12]   Under this standard, Plaintiff's Complaint "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[13]  "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[14]

Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[15] However, because a legally adequate complaint "demands more than naked assertions,"[16] Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[17]   And, the Court cannot "take on the responsibility of serving as [an] attorney in constructing arguments and searching the record."[18]

---

[11] ECF No. 10.
[12] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[13] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[14] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[15] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[16] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[17] *Bellmon*, 935 F. 2d at 1110.
[18] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

Ultimately, the Court must ascertain whether Plaintiff's Complaint provides Defendants with sufficient notice of his claims such that the Defendants could prepare an appropriate answer.[19] To do so, Fed. R. Civ. P. 8 requires a complaint to contain three minimal pieces of information:  (1) a short and plain statement of the claim showing a plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested.[20]

If a complaint is "too general," then it will not provide fair notice to defendants.[21] Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[22] To pass muster, a complaint requires more than "labels and conclusions."[23] If the Court finds Plaintiff's Complaint fails to meet these standards, even after construing the allegations liberally, the Court "is compelled to recommend that the action be dismissed."[24]

## C.    Discussion

Because Plaintiff failed to amend his claims as recommended by the undersigned at the January 5, 2024 show cause hearing, the Court must look to the Complaint filed on

---

[19] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002) and adopting report and recommendation).

[20] *See* Fed. R. Civ. P. 8(a); *Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 867423, at *2 (D. Kan. Mar. 2, 2015), *report and recommendation adopted*, No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).

[21] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir. 1993)).

[22] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)).

[23] *Singleton v. Convergys Corp*., No. 16-2614-DDC-GLR, 2016 WL 11397820, at *2 (D. Kan. Sept. 21, 2016), *report and recommendation adopted*, No. 16-CV-2614-DDC-GLR, 2016 WL 7030056 (D. Kan. Dec. 2, 2016) (quoting *Bell Atl. Corp*, 550 U.S. at 555).

[24] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8).

November 1, 2023 to determine if any legally sufficient cause of action has been pled. Construing the Complaint liberally, as the Court is required to do, the undersigned believes Plaintiff is bringing an employment discrimination claim against Defendants under the Americans with Disabilities Act ("ADA").[25] Although Plaintiff's Complaint does not contain many details, it does state he was sent home from an employee orientation because of his "disability."[26]

The ADA prohibits discrimination against, "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"[27]   To sustain a discrimination claim under the ADA, an employee must demonstrate he "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability."[28]  In order to demonstrate "discrimination," a plaintiff generally must show he has suffered an "adverse employment action because of the disability."[29]

Plaintiff's Complaint is void of any facts to support such a discrimination claim. Plaintiff fails to describe the job he was hired for or whether he could perform the job with

---

[25] American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*
[26] ECF No. 1 at p. 3.
[27] 42 U.S.C. § 12112(a).
[28] *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (internal citations omitted).
[29] *Id.*

or without reasonable accommodation.  Plaintiff does not give any details regarding his disability.  Nor does Plaintiff say what the adverse employment action is.  His Complaint only states he was "scheduled to see a doctor for Cargill and was told to wait 30 days." There are no allegations regarding what happened after the 30 days.  Also, there are no dates given, making it impossible to determine if Plaintiff's claim falls within any applicable statute of limitations.  And finally, as for the relief Plaintiff seeks, he only writes "compensation," with no monetary amount or other specifics given.[30]

Thus, Plaintiff has not alleged sufficient facts to raise a right to relief under the ADA above the speculative level.  Plaintiff's allegations are far too general to provide fair notice to Defendants of his claim.  As it stands, Plaintiff's Complaint contains nothing more than a conclusion, unsupported by any facts, of alleged disability discrimination.

Additionally, it does not appear Plaintiff exhausted his administrative remedies prior to filing his Complaint.  The ADA requires plaintiffs to exhaust administrative remedies before filing suit so the employer receives fair notice of the alleged violation and the EEOC has an opportunity to conciliate the claim.[31]  To exhaust administrative remedies, plaintiffs generally must present their claims to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge.[32]  Plaintiff's Complaint does not state he has received a right to sue letter or even presented his claim through any

---

[30] ECF No. 1 at pp. 3-4.
[31] *Quinn v. Hi Tech Interiors*, No. 21-2488-JWB-RES, 2022 WL 1026890, at *4 (D. Kan. Apr. 6, 2022).
[32] *Patterson v. Kalmar Sols., LLC*, No. 19-2745-DDC-TJJ, 2020 WL 2735743, at *2 (D. Kan. May 26, 2020).

administrative agency.[33]   While failure to exhaust administrative remedies is not a jurisdictional prerequisite to a suit, the Court may consider it under the Rule 12(b)(6) standard for failure to state a claim upon which relief can be granted.[34]

### D.    Conclusion

The Court, as it is required to do, has construed Plaintiff's Complaint liberally,[35] and has given Plaintiff an opportunity to amend his Complaint, which Plaintiff has not done.   Therefore, after careful consideration, the undersigned concludes there is an insufficient factual basis in the Complaint to raise Plaintiff's right to relief above speculation.   Plaintiff does not provide any facts to allow this Court to find a cognizable legal claim in his Complaint.   And, the absence of facts to credibly support Plaintiff's claim makes it impossible for Defendants to have fair notice of what is being alleged against them.[36]   Therefore, the Court **RECOMMENDS** dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*)** is **GRANTED**.   Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending review of this Report and Recommendation.

---

[33] ECF No. 1 at p. 5.
[34] *Quinn*, 2022 WL 1026890, at *4.
[35] *Abdelsamed v. United States*, 13 F. Appx 883, 884 (10th Cir. 2001).
[36] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

**IT IS THEREFORE RECOMMENDED** Plaintiff's Complaint **(ECF No. 1)** be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[37]

**IT IS SO ORDERED.**

Dated this 14th day of June 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[37] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).